## RUBEL BAKING COMPANY v
## L. WEINBERG BAKING COMPANY

Ohio Appeals, 1st Dist, Hamilton Co

No 5364.   Decided Feb 28, 1938

Messers. Burns & Friedman, Cincinnati, Mr. Frank Zugelter, Cincinnati, and Mr. J. Warren Kinney, Jr., Cincinnati, for Appellant.

Mr. Julius R. Samuels, Cincinnati, for Appellee.

### OPINION

By HAMILTON, J.

Appeal on Law and Fact

The Rubel Baking Company, appellant here, brought an action in the common pleas court against the Weinberg Baking Company, appellee, charging an infringement by defendant of plaintiff's trade rights in the use of an annular band containing certain colors placed upon its product for sale to the public.

The defendant filed an answer denying the infringement, and in a cross-petition, charges an infringement upon the part of plaintiff on its trade rights to a certain annular band placed upon its product, and under which it claims prior rights.

Relief was denied by the trial court and the petition and cross-petition were dismissed. The cross-petitioner did not appeal.

Both companies are engaged in the manufacture and sale of bread of different kinds under different brands.

The plaintiff copyrighted the label under consideration which recites, title: "Rubel's Heidelberg Rye Bread", for Rye Bread, and the labels so read. The colors in the label are predominantly orange and black. The plaintiff has used this label since 1933, when it procured the copyright.

Prior to 1933, defendant used an annular label on its rye bread, with orange and black predominating, but narrower in width, with the printed words "Bohemian Whole Rye Bread."

The label in question is only used by plaintiff on its Rye bread, and the label used by the defendant, which is complained of is used only on "Weinberg's Poppy Seed Vienna" brand of white bread. True, the annular bands are similar both in size and color, except that the so-called orange shade in the Rubel Rye is darker more nearly approaching a reddish shade. The chief dissimilarity is, one is on rye bread and the other on white bread, and the printing is prominent and easily read.

In reason it may be stated that the Rubel label on its rye bread more nearly infringes on the Weinberg label on its rye bread, and which it adopted and used prior to Rubel's use, then does the use by Weinberg on its white bread of Rubel's Rye Bread label.

There is no showing that the public has been deceived, and we see no reason why it should be.

Our conclusion is that the plaintiff is not entitled to the relief prayed for, and its petition is dismissed at its costs.

ROSS, PJ, and MATTHEWS, J, concur.